IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DMAON LAMAR FRAZIER, )
 )
 Petitioner, )
 )
v. ) 1:07CV262
 )
THEODIS BECK, Secretary, )
North Carolina Department of )
Correction, )
 )
 Respondent. )

MEMORANDUM OPINION AND ORDER

**Sharp, Magistrate Judge**

Petitioner Damon Lamar Frazier, a prisoner of the State of North Carolina, on May 7, 1997, in the Superior Court of Forsyth County, pled guilty to two counts of robbery with a dangerous weapon, two counts of second-degree kidnapping, and one count of assault with a deadly weapon inflicting serious injury. Superior Court Judge William H. Freeman consolidated the counts for judgment and imposed two concurrent presumptive-range sentences of 96 to 125 months in prison. Petitioner was represented by attorney William Gibson.

On January 18, 2006, Petitioner Frazier filed a *pro se* Motion for Appropriate Relief ("MAR") in Forsyth County Superior Court. Resident Superior Court Judge L. Todd Burke

denied the MAR on February 10, 2006. Petitioner then filed a petition for a writ of certiorari, but the North Carolina Court of Appeals denied certiorari on August 22, 2006.

On April 4, 2007, Petitioner submitted the habeas corpus petition now before the Court for consideration.[1]

## Claims of the Petition

In his habeas corpus petition, Petitioner Frazier contends that: (1) his conviction was obtained in violation of due process of law and provisions of the United States Constitution; (2) he has discovered new evidence; (3) he did not understand the nature of the charges and the consequences of pleading guilty; and (4) some or all of the charges against him should have been dismissed. Respondent ("the State") has responded to the habeas petition and moved for dismissal. (Pleading No. 3.)

## Discussion

As a threshold defense, the State contends that the habeas petition of Damon Lamar Frazier should be dismissed as time-barred under the one-year statute of limitations applicable to habeas actions. *See* 28 U.S.C. § 2244(d). For reasons set forth below, the Court concludes that the State's argument is well-taken, and that this action should be dismissed pursuant to 28 U.S.C. § 2244(d).

---

[1] The parties have consented to the trial jurisdiction of the United States Magistrate Judge and the case has been referred to the undersigned for final disposition. *See* 28 U.S.C. § 636(c).

Petitioner Frazier's federal habeas petition was due within one year of the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on or about May 7, 1997, when judgment was entered pursuant to his guilty plea, he was given a presumptive-range sentence, and he did not appeal. Therefore, Petitioner had until May 7, 1998, in which to file a timely habeas petition in federal court. He did not file his petition until April 4, 2007, nearly nine years late.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner Frazier did not seek state post-conviction review until on or about January 18, 2006, when he filed his MAR. This date is over seven years and eight months *after* the habeas limitation period applicable to his claims had already run. A state court motion for collateral relief that is filed after the federal deadline has expired does not serve to toll a petitioner's one-year period of limitation. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Nor has Petitioner shown any other basis under 28 U.S.C. § 2244(d)(1) or (2) why the limitation period in this case could be extended to any date beyond May 7, 1998. Accordingly, the habeas petition of Damon Lamar Frazier is out-of-time by many years, and is barred by the statute of limitations.

Conclusion

For reasons set forth above, **IT IS ORDERED** that the State's motion to dismiss (Pleading No. 3) is **GRANTED.** A judgment dismissing this action with prejudice will be entered contemporaneously with this Memorandum Opinion and Order.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: October 24, 2007